# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS R. TAYLOR, <br> CYNTHIA R. PARKS, <br> LADONNA M. RILEY, <br> BRENDA S. SIMMONS, <br> And CLINTON L. TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> CHESAPEAKE OPERATING, INC., <br><br> Defendant. | Case No. CIV-18-565-D |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 6]. Defendant has filed its Response [Doc. No. 8]. The matter is fully briefed and at issue.

## BACKGROUND

This case concerns mineral interests owned by Plaintiffs. Plaintiffs allege Defendant failed to pay royalties and concealed under payments. Plaintiffs filed their Petition in the District Court of Roger Mills County, Oklahoma, on September 1, 2017, stating claims for: (1) breach of lease; (2) breach of overriding royalty interest; (3) actual and constructive fraud and negligent misrepresentation; and, (4) unjust enrichment. The Petition did not specifically identify any federal question claims.

On March 1, 2018, Defendant filed a Response to Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 1-6] containing what Plaintiffs interpreted to be a counter-motion for partial summary judgment. Plaintiffs filed a Response to that counter-motion

[Doc. No. 1-10] on March 21, 2018, stating that they had "pled, in their Petition, facts in support of actual and constructive fraud, negligent misrepresentation and civil liable [sic] under the Racketeering Influence [sic] and Corrupt Organizations (RICO) Act." Response to Motion for Partial Summary Judgment at 5. On April 17, 2018, a hearing was held on the motions for summary judgment and both were overruled. Court Minute [Doc. No. 1-13].

On May 14, 2018, Plaintiffs filed their First Amended Petition [Doc. No. 1-15] amending Count III to specifically identify the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1964, as the statutory basis for that cause of action. Defendant Answered [Doc. No. 1-16] on May 25, 2018. On June 11, 2018, Defendant filed its Notice of Removal in this Court [Doc. No. 1] pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Plaintiffs filed their Motion to Remand on June 27, 2018, asserting that: (1) the Notice of Removal is untimely as it was filed more than thirty (30) days after the filing of the Petition; (2) the Notice of Removal is untimely as it was filed more than thirty (30) days after their Response to Defendant's Motion for Partial Summary Judgment; and (3) Defendant waived removal by seeking summary judgment in state court. Plaintiffs also request an award of their costs and attorneys' fees. Defendant asserts that: (1) the Notice of Removal is timely because the Amended Petition was the first unequivocal notice of removability; (2) it did not waive removal; and, (3) there is no basis for an award of costs and fees to Plaintiffs.

## STANDARD OF DECISION

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant" and in the absence of "diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.A. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3).

Removal statutes are strictly construed and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Inc. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) and *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), cert. denied, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261 (1957)). The burden of proof for removal jurisdiction is on the party seeking removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L.Ed. 2d 495 (2014).

In cases of removal based on federal question jurisdiction, removability is governed "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392; *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840 - 41, 109 S. Ct. 1519, 1521, 103 L. Ed. 2d 924 (1989) ("[W]hether a case is one arising under [federal law], in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim.") (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914) (alterations in original)).

The thirty-day clock for removal "does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) (quoting *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). The Tenth Circuit is clear that "[i]f the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). However, in determining whether removal is timely, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir. 1998)).

## DISCUSSION

The issues before the Court are: (1) from which date did the thirty-day period for removal begin; and, (2) whether Defendant waived removal by engaging in litigation in state court.

**I.     Timeliness from the Filing of the Petition.**

In arguing the thirty-day clock for removal began with Defendant's receipt of the Petition, Plaintiffs point to: (1) language in the Petition which is similar to language in the RICO Act; (2) Defendant's participation in previous RICO actions such that Defendant would recognize the language of the federal statute; and, (3) the Oklahoma Racketeering Influenced and Corrupt Organization Act ("ORICO"), Okla. Stat. tit. 22 § 1401, *et seq.*, prohibition on private civil proceedings. Motion at 6-9. Defendant contends that Plaintiffs' Petition was insufficient to provide unequivocal notice that Plaintiffs were asserting a federal law claim.

The Tenth Circuit "has been very strict in assessing whether the grounds for removal are ascertainable." *Paros Properties LLC*, 835 F.3d at 1269. The justification for this strict approach is that "[a]ssessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Id*. (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013)). Such an inquiry "can expend considerable resources of the court and the parties. And the expenditure is wholly unnecessary. Any time the plaintiff wishes to start the 30-day clock, it can provide the defendant with an unambiguous notice of what is being claimed." *Id*. at 1270.

Plaintiffs' argument for running the thirty-day clock from the initial pleading requires Defendant to make an independent investigative comparison of the language of the federal RICO Act with the claims in Plaintiffs' Petition and then infer that Plaintiffs intended to bring a federal law claim. Necessitating such a comparison and inference is

5

contrary to the Tenth Circuit's strict requirement of "clear and unequivocal" notice allowing the defendant to "learn with certainty" that the case is removable. *Id*. at 1270 (quoting *DeBry v. Transamerica Corp.*, t01 F. 2d 480, 488-89 (10th Circuit 1979)). Nor is the language relied on by Plaintiffs unequivocally similar to the language of RICO so as to clearly amount to an assertion of a federal claim. The argument that ORICO's prohibition on claims brought by private individuals necessarily reflects Plaintiffs' intention to bring a claim under the federal RICO Act likewise requires inquiry beyond the face of the Petition.

For these reasons, the Court finds that the Petition did not provide unequivocal notice of removability and, therefore, the thirty-day clock did not begin to run upon the receipt thereof. Plaintiff's Motion to Remand for untimeliness on this basis is denied.

**II.     Timeliness based on "Other Paper."**

Plaintiffs alternatively contend that their Response to Defendant's Motion for Partial Summary Judgment "expressly identified their federal RICO claim" providing notice to Defendant that they were bringing a federal law claim and triggering the thirty-day clock for removal. Motion at 11. The term "other paper" in 28 U.S.C. § 1446(b)(3) has been given an "embracive construction" to include deposition testimony, the civil cover sheet, discovery papers and responses to motions. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076–78 (10th Cir.1999) (quoting 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3732 at 300–10 (3d ed.1998)); *see Paros Properties LLC*, 835 F.3d at 1272; *Akin*, 156 F.3d at 1035; *Jenkins v. Movin on Transp., Inc.*, 13-CV-796-GKF-PJC, 2014 WL 1653248, at *3 (N.D. Okla. Apr. 24, 2014). However, § 1446(b)(3) requires that the "other paper" provide a "clear and unequivocal notice" of the right to remove and

"should not be ambiguous." *Akin,* 156 F.3d at 1035–36 (quoting *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir.1979)).

Plaintiffs rely on *Jenkins v. Movin on Transp., Inc.*, 13-CV-796-GKF-PJC, 2014 WL 1653248 *3 (N.D. Okla. Apr. 24, 2014), in which the court held that removal was untimely because a response to a motion for summary judgment "clearly asserted a claim" under federal law. Motion at 10. However, in *Jenkins*, the specific federal statute was cited as well as the federal remedy under that statute. *Id*. at *2. As noted by Plaintiffs in their Motion, Oklahoma also has a Racketeering Influenced Corrupt Organizations Act, Okla. Stat. tit. 22 § 1401. Motion at 9. Plaintiffs' Response to Motion for Partial Summary Judgment fails to cite with particularity either the federal or state "Racketeering Influence [sic] and Corrupt Organizations" statute upon which they base their claims or to assert any other differentiating terms or remedies from which a federal law claim can be ascertained.

For the same reasons stated above with reference to Plaintiffs' initial pleading, the statement in Plaintiffs' responsive filing is ambiguous and does not provide unequivocal notice of the right to remove. The Tenth Circuit is "strict in assessing whether the grounds for removal are ascertainable" and has found less ambiguous terms than are relied upon here to be insufficient to provide notice of removability. *Paros Properties LLC, 835 F.3d 1269*; *see*, *Akins*, 156 F.3d at 1035 (finding that the phrase "while working at Tinker Air Force Base" was ambiguous as to the right to removal based on location of incidents occurring at a federal enclave because "while working at" could be either a geographical or durational modifier); *DeBry*, 601 F.2d at 488-489, (deposition testimony did not provide notice of diversity jurisdiction where defendant testified he had moved to the state upon

7

which he based diversity but he did not testify the move was permanent); *Huffman*, 194 F. 3d at 1077 (finding insufficient notice of diversity jurisdiction despite numerous allegations in the complaint from which the defendant might have determined the damages sought exceeded the jurisdictional limit, because the defendant "could only guess as to whether the claim exceeded $75,000").

Here, Defendant could only guess whether the single sentence in Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment referred to ORICO or RICO. This type of ambiguity is the kind proscribed by the Tenth Circuit. *Akin*, 156 F.3d at 1035 (stating that "'ascertained' as used in section 1446(b) means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth'") (quoting *DeBry*, 601 F.2d at 490)).

Plaintiffs' Response did not provide unequivocal notice to Defendant of its right to remove and, therefore, did not start the thirty-day removal period. Plaintiffs' Motion to Remand is denied based upon the "other paper" provision of 28 U.S.C. § 1446(b).

### III. Timeliness Based on the Amended Petition.

Defendant asserts that Plaintiffs' First Amended Petition is the first unambiguous notice of the right to remove. Plaintiffs' First Amended Petition specifies for the first time that they are bringing a claim under federal law. The First Amended Petition identifies by citation the RICO Act, 18 U.S.C. § 1964, and asserts Defendant is liable for "three times the amount" of damages pursuant to that statue. First Amended Petition [Doc. 1-15] at ¶ 50. The Defendant was served with the First Amended Petition on May 11, 2018, and the Notice of Removal was filed June 8, 2018, twenty-eight days later. Notice at 2.

The Court finds for the reasons discussed above that the First Amended Petition was the first document from which it was ascertainable that the case had become removable. As such, Defendant's Notice of Removal is timely.

## IV. Waiver

Plaintiff asserts that Defendant has waived removal by seeking a decision on the merits in state court after "Plaintiffs expressly identified their federal RICO claim" in their Response to Partial Summary Judgment. Motion at 11. "A defendant can be deemed to have waived the right to remove by taking some substantial offensive or defensive pre-removal action in the state court action indicating a willingness to litigate in that tribunal." *Davis v. Automax Dodge Chrysler Jeep*, CIV-18-488-HE, 2018 WL 3543091, at *1 (W.D. Okla. July 23, 2018) (citing *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017)). However, "[t]he Tenth circuit has squarely held [] that 'a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1341 (W.D. Okla. 2014) (quoting *Akin,* 156 F.3d at 1036).

As discussed above, the Court finds that Defendant did not receive adequate notice of removability until Plaintiffs filed their First Amended Petition. Therefore, Defendant did not waive its right to remove the case by engaging in litigation in state court prior to that filing.

Plaintiffs' Motion to Remand based on waiver is denied.

9

## CONCLUSION

Plaintiff's Motion to Remand is **DENIED** for the reasons set forth herein. Because Defendant's Notice of Removal was timely filed, Plaintiffs' request for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED** this 11th day of February 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE